UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

S<span>HAWN</span> L. G<span>ILMER</span>,　　　　　　　　　　　　)
　　*Plaintiff*,　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　　　　　)
　　*vs.*　　　　　　　　　　　　　　　　　　　　)　　No. 1:14-cv-01241-JMS-MJD
　　　　　　　　　　　　　　　　　　　　　　　　)
C<span>AROLYN</span> W. C<span>OLVIN</span>, *Commissioner of So-*　)
*cial Security Administration*,　　　　　　　　)
　　*Defendant*.　　　　　　　　　　　　　　　)

**ENTRY REVIEWING THE COMMISSIONER'S DECISION**

Plaintiff Shawn Gilmer applied for disability insurance benefits and supplemental security income from the Social Security Administration ("SSA"). Following a hearing before Administrative Law Judge ("ALJ") Monica LaPolt in February 2013, the ALJ determined that Mr. Gilmer was not disabled and thus not entitled to benefits. In May 2014, the Appeals Council denied Mr. Gilmer's request for review of the ALJ's decision, rendering that decision the final decision of the Defendant, Commissioner of the Social Security Administration ("the Commissioner"), for the purposes of judicial review. *See* 20 C.F.R. § 404.981. Mr. Gilmer then filed this action under 42 U.S.C. § 405(g), requesting that the Court review the Commissioner's denial.

**I.**
**S<span>TANDARD OF</span> R<span>EVIEW</span>**

The Court's role in this action is limited to ensuring that the ALJ applied the correct legal standards and that substantial evidence exists for the ALJ's decision. *Barnett v. Barnhart*, 381 F.3d 664, 668 (7th Cir. 2004) (citation omitted). For the purpose of judicial review, "[s]ubstantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quotation omitted). Because the ALJ "is in the best position to determine the credibility of witnesses," *Craft v. Astrue*, 539 F.3d 668, 678 (7th Cir. 2008), this Court must afford

the ALJ's credibility determination "considerable deference," overturning it only if it is "patently wrong." *Prochaska v. Barnhart*, 454 F.3d 731, 738 (7th Cir. 2006) (quotations omitted).

The ALJ must apply the five-step inquiry set forth in 20 C.F.R. § 404.1520(a)(4)(i)-(v), evaluating the following, in sequence:

> (1) whether the claimant is currently [un]employed; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment meets or equals one of the impairments listed by the [Commissioner]; (4) whether the claimant can perform [his] past work; and (5) whether the claimant is capable of performing work in the national economy.

*Clifford v. Apfel*, 227 F.3d 863, 868 (7th Cir. 2000) (citation omitted) (alterations in original). "If a claimant satisfies steps one, two, and three, she will automatically be found disabled. If a claimant satisfies steps one and two, but not three, then she must satisfy step four. Once step four is satisfied, the burden shifts to the SSA to establish that the claimant is capable of performing work in the national economy." *Knight v. Chater*, 55 F.3d 309, 313 (7th Cir. 1995).

After Step Three, but before Step Four, the ALJ must determine a claimant's residual functional capacity ("RFC") by evaluating all limitations that arise from medically determinable impairments, even those that are not severe. *Villano v. Astrue*, 556 F.3d 558, 563 (7th Cir. 2009). In doing so, the ALJ may not dismiss a line of evidence contrary to the ruling. *Id.* The ALJ uses the RFC at Step Four to determine whether the claimant can perform his own past relevant work and if not, at Step Five to determine whether the claimant can perform other work. *See* 20 C.F.R. § 416.920(e), (g). The burden of proof is on the claimant for Steps One through Four; only at Step Five does the burden shift to the Commissioner. *Clifford*, 227 F.3d at 868.

If the ALJ committed no legal error and substantial evidence exists to support the ALJ's decision, the Court must affirm the denial of benefits. *Barnett*, 381 F.3d at 668. When an ALJ's decision is not supported by substantial evidence, a remand for further proceedings is typically the

appropriate remedy. *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 355 (7th Cir. 2005). An award of benefits "is appropriate only where all factual issues have been resolved and the record can yield but one supportable conclusion." *Id.* (citation omitted).

## II.
### BACKGROUND

Mr. Gilmer was born in 1965 and has an eleventh-grade education. [Filing No. 12-2 at 24.] He has past relevant work as an over the road truck driver and a dump truck driver.[1] [Filing No. 12-2 at 23-24.] Mr. Gilmer meets the insured status requirements of the Social Security Act through December 31, 2013. [Filing No. 12-2 at 14.] Using the five-step sequential evaluation set forth by the SSA, the ALJ issued an opinion on March 28, 2013. [Filing No. 12-2 at 12-25.] The ALJ found as follows:

- At Step One, the ALJ found that Mr. Gilmer did not engage in substantial gainful activity[2] since the alleged onset date of his disability, January 1, 2009. [Filing No. 12-2 at 14.]

- At Step Two, the ALJ found that Mr. Gilmer suffered from the following severe impairments: coronary artery disease and low back pain. [Filing No. 12-2 at 14.] The ALJ found that Mr. Gilmer's angina, benign essential hypertension, gastrointestinal bleeding, depression, and anxiety were nonsevere. [Filing No. 12-2 at 15-17.]

- At Step Three, the ALJ found that Mr. Gilmer did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments. [Filing No. 12-2 at 17-18.] The ALJ also determined that Mr.

---

[1] Mr. Gilmer detailed pertinent facts in his opening brief, and the Commissioner did not dispute those facts. Because those facts implicate sensitive and otherwise confidential medical information concerning Mr. Gilmer, the Court will simply incorporate those facts by reference herein. Specific facts will be articulated as needed.

[2] Substantial gainful activity is defined as work activity that is both substantial (*i.e.*, involves significant physical or mental activities) and gainful (*i.e.*, work that is usually done for pay or profit, whether or not a profit is realized). 20 C.F.R. § 404.1572(a) and § 416.972(a).

Gilmer has the RFC to perform light work[3] with certain additional limitations. [Filing No. 12-2 at 18-23.]

- At Step Four, the ALJ found that Mr. Gilmer was unable to perform his past relevant work as an over the road truck driver or dump truck driver. [Filing No. 12-2 at 23-24.]

- At Step Five, the ALJ found that Mr. Gilmer could perform other jobs existing in the national economy such as a cashier, packing line worker, or production assembler. [Filing No. 12-2 at 25.]

Based on these findings, the ALJ concluded that Mr. Gilmer was not disabled and thus not entitled to disability insurance benefits or supplemental security income. [Filing No. 14-2 at 31.] Mr. Gilmer sought review of the ALJ's decision from the Appeals Council, but it denied his request for review. [Filing No. 12-2 at 2-4.] Mr. Gilmer's appeal from the Commissioner's decision is now before this Court.

## III.
### DISCUSSION

Mr. Gilmer makes several arguments, all of which are related to two categories of evidence he contends the ALJ failed to adequately consider: his evidence regarding migraines and his evidence regarding his mental impairments (depression and anxiety). Because the Court concludes that reversal is warranted due to the ALJ's erroneous treatment of both categories of evidence, the Court need not address each sub-issue raised by Mr. Gilmer regarding this evidence.

### A. Mr. Gilmer's Migraines

Mr. Gilmer contends that the ALJ erred in failing to consider the evidence that he suffered from migraine headaches, and that this failure created reversible error at Step 2 and in formulating

---

[3] Light work is defined as work that "involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds." 20 C.F.R. § 404.1567(b).

- 4 -

his RFC. [Filing No. 14 at 16-18.] The Commissioner responds that Mr. Gilmer "cites no physician opinions or objective medical findings" regarding migraines "because the record does not contain any." [Filing No. 19 at 8.] Mr. Gilmer replies that the Commissioner's assertions regarding the record evidence are simply "false," as he specifically detailed in his brief, with citations to supporting evidence, that he was diagnosed with migraines and prescribed medication for migraines on multiple occasions. [Filing No. 20 at 2.]

The claimant must present "evidence from acceptable medical sources to establish whether [he] ha[s] a medically determinable impairment(s)." At Step Two, "the ALJ is required to determine . . . whether the claimant . . . has an impairment or combination of impairments that is 'severe.'" *Castille v. Astrue*, 617 F.3d 923, 926 (7th Cir. 2010) (quoting 20 C.F.R. § 404.1520(a)(4)(ii)). Moreover, "[i]n determining an individual's RFC, the ALJ must evaluate all limitations that arise from medically determinable impairments, even those that are not severe." *Villano*, 556 F.3d at 563. "Although an ALJ need not discuss every piece of evidence in the record, the ALJ may not ignore an entire line of evidence that is contrary to the ruling." *Terry v. Astrue*, 580 F.3d 471, 477 (7th Cir. 2009).

The Commissioner's assertion that there are no physician opinions or objective medical findings that Mr. Gilmer suffered from migraines is flat wrong.[4] Mr. Gilmer cited the following record evidence regarding migraines in his opening brief: In 2011, Dr. Manpreet Multani diagnosed Mr. Gilmer with migraines and prescribed him medication for those migraines. [Filing No. 12-7 at 33-34.] In January 2012, Mr. Gilmer was examined by SSA Expert Dr. Daniela Djodjeva, who compiled a disability examination report regarding Mr. Gilmer. [Filing No. 12-7 at 70-74.]

---

[4] To the extent that the Commissioner argues that the ALJ was unaware that Mr. Gilmer suffered from migraines, this is contradicted by the record. Mr. Gilmer testified at the hearing before the ALJ that he was taking Imitrex for migraines. [Filing No. 12-2 at 39.]

Mr. Gilmer stated to Dr. Djodjeva that he was disabled due to, among other things, "severe migraine[s]," and that he suffers four migraines a week which cause nausea and photophobia. [Filing No. 12-7 at 70.] Dr. Djodjeva diagnosed Mr. Gilmer with migraine headaches. [Filing No. 12-7 at 72.] Mr. Gilmer subsequently returned to Dr. Multani and stated that migraines were occurring with increased frequency. [Filing No. 12-8 at 15.] Dr. Multani recommended that Mr. Gilmer have a CT scan, but Mr. Gilmer could not afford it. [Filing No. 12-8 at 18.] Thus, Dr. Multani continued Mr. Gilmer on his migraine medication. [Filing No. 12-8 at 18.]

This evidence regarding Mr. Gilmer's migraines—which includes two doctors who independently diagnosed him with migraines—is sufficient for Mr. Gilmer to carry his burden of establishing that migraines were a medically determinable impairment. *See* 20 C.F.R. § 416.913(a). Once this was established, the ALJ had an obligation at Step Two to determine whether the migraines constituted a severe impairment, *see Castille*, 617 F.3d at 926, and in setting forth his RFC, to consider his migraines regardless of whether they were found to be severe at Step Two, *see Villano,* 556 F.3d at 563. The ALJ here did neither; indeed, the ALJ ignored Mr. Gilmer's migraines altogether, not mentioning them at all in her decision. The ALJ's decision must therefore be reversed on these bases. Moreover, even if the ALJ concluded that Mr. Gilmer had not presented sufficient evidence that he suffered from migraines in order for the ALJ to conclude that migraines were a medically determinable impairment, the ALJ failed to explain why this was so. This too constitutes reversible error, as the ALJ cannot ignore an entire line of evidence. *See Terry,* 580 F.3d at 477.

### B. Mr. Gilmer's Mental Impairments

Mr. Gilmer argues that remand is required because the ALJ failed to take into account his mental impairments in formulating his RFC. [Filing No. 14 at 5-7.] This is true, says Mr. Gilmer,

even if at Step Two the ALJ concluded that those mental impairment were not severe. [Filing No. 14 at 5-7.] The Commissioner responds that the ALJ "properly determined" Mr. Gilmer's RFC "in light of all the evidence of record," and that the ALJ's "RFC finding is supported by the opinions of two reviewing state agency psychologists." [Filing No. 19 at 6.] Mr. Gilmer replies that, as was the case with his migraines, the ALJ erred by not considering his mental impairments when formulating his RFC. [Filing No. 20 at 8-9.]

As stated above, "[i]n determining an individual's RFC, the ALJ must evaluate all limitations that arise from medically determinable impairments, even those that are not severe." *Villano*, 556 F.3d at 563. At Step Two, the ALJ concluded that Mr. Gilmer's medically determinable impairments of depression and anxiety were not severe.[5] [Filing No. 12-2 at 15-17.] But the ALJ did not factor Mr. Gilmer's depression and anxiety into his RFC as is required. *See Villano*, 556 F.3d at 563. The ALJ's RFC analysis failed to take into account these mental impairments in any

---

[5] Mr. Gilmer takes issue with the ALJ's step-two conclusion that his mental impairments were not severe. [Filing No. 14 at 8-9.] The Court need not reach this issue because the other issues discussed herein alone require reversal. However, the Court notes that on remand that ALJ should not discount Dr. Perrone-McGovern's opinion merely because she heavily relied on Mr. Gilmer's subjective complaints regarding his symptoms and limitations; an ALJ "may discount" a treating physician's opinion only if it is "inconsistent with the consulting physician's opinion, internally inconsistent, or based *solely* on the patient's subjective complaints." *Ketelboeter v. Astrue*, 550 F.3d 620, 625 (7th Cir. 2008) (emphasis added). To the extent the ALJ considers Dr. Perrone-McGovern's opinion to be internally inconsistent, as she indicated, she should ensure on remand that she adequately explains why this is so.

meaningful way. [*See* Filing No. 12-2 at 18-23.] Accordingly, reversal is required on this ground as well.[6]

# IV.
## CONCLUSION

For the reasons explained, the ALJ's decision is **REVERSED** and **REMANDED**. Final Judgment will issue accordingly.

Date: April 28, 2015

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF to all counsel of record**

---

[6] The Commissioner contends that even if the ALJ erred by not discussing Mr. Gilmer's mental impairments when formulating the RFC, this error was harmless because the ALJ asked the vocational expert questions that incorporated mental limitations, and the vocational expert testified that an individual with those limitations could perform certain jobs that exist in the national economy. [Filing No. 19 at 6.] But the Court cannot conclude, as the Commissioner urges, that those mental limitations are the same that the ALJ would have adopted had Mr. Gilmer's mental limitations been properly considered. And in any event, reversal is warranted based on the ALJ's failure to consider Mr. Gilmer's migraines at all, so even if this error was harmless, reversal would still be required on that basis alone.